NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE:  ANGADBIR SINGH SALWAN,**
*Appellant*

---

2023-1251

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 16/206,728.

---

Decided:  September 14, 2023

---

ANGADBIR SINGH SALWAN, Bethesda, MD, pro se.

MAI-TRANG DUC DANG, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for appellee Katherine K. Vidal.  Also represented by KAKOLI CAPRIHAN, THOMAS W. KRAUSE, AMY J. NELSON, FARHEENA YASMEEN RASHEED.

---

Before DYK, PROST, and STOLL, *Circuit Judges*.

PER CURIAM.

Angadbir Singh Salwan appeals from a decision by the Patent Trial and Appeal Board ("Board") affirming the examiner's rejection of all pending claims of U.S. Patent Application No. 16/206,728 ("the '728 application") as directed to patent-ineligible subject matter and as obvious.  *In re*

*Salwan*, No. 2022-003728, 2022 WL 8058103 (P.T.A.B. Oct. 11, 2022) ("*Board Decision*").  For the following reasons, we affirm.

## BACKGROUND

The '728 application is titled "Physician to Patient Network System for Real-Time Electronic Communications & Transfer of Patient Health Information."  The application "relates to a network system for real-time electronic communication and transfer of patient health information between physicians and patients" and other health care entities.  '728 application ¶ [0003].  It is a continuation of U.S. Patent Application No. 15/188,000 ("the '000 application"), which is itself a continuation of U.S. Patent Application No. 12/587,101 ("the '101 application").  We have previously affirmed a rejection of the claims of the '101 application as ineligible under 35 U.S.C. § 101.  *In re Salwan*, 681 F. App'x 938 (Fed. Cir. 2017) ("*Salwan I*").  We have also affirmed a rejection of the claims of the '000 application as ineligible.  *Salwan v. Iancu*, 825 F. App'x 862 (Fed. Cir. 2020) ("*Salwan II*").

Claim 1 of the '728 application is representative:

1. A method for exchanging patient EMR [i.e., electronic medical records] among healthcare user groups or the healthcare user group and patients over a network, the method comprising:

providing a central computer program embodied in a computer readable medium or embodied in a central server and a central database storing patient EMR data for access by authorized users, the central program configured to:

communicate through at least one computer program, which includes EMR and billing software, embodied in a computer readable medium with at least one private database for a healthcare user group, the database comprising at least patient

> EMR and billing data, and accounting data confidential for the healthcare user group;
>
> receive from the at least one private database EMR data including at least one of health problems, medications, diagnosis, prescriptions, notes written by a healthcare service provider, diagnostic test results or patient accounts data for storing in the central database, wherein the healthcare user group's confidential accounts data including one or more insurance companies' accounts data, is not received;
>
> selectively retrieve the stored EMR data, generate one or more healthcare reports including one or more of health problem list, medication list, diagnoses report, prescription, diagnostic test result report, patient billing report; and
>
> transmit one or more healthcare reports to an authorized healthcare user group or the authorized patient for reviewing.

'728 application claim 1.

The examiner rejected all pending claims in the '728 application as claiming ineligible subject matter under § 101 and for obviousness over several prior art combinations. Mr. Salwan appealed these rejections to the Board. The Board affirmed. *Board Decision*, at *1. It treated claim 1 as representative of the claims in the '728 application. *Id.* at *3. The Board noted that the only change between claim 1 of the '728 application and the representative claim in *Salwan II* was a different preamble, which Salwan did not argue was limiting, and the addition of "providing" before "a central computer program" in claim 1 of the '728 application. *Id.* at *5. The Board concluded that *Salwan II* controlled the disposition here under the law-of-the-case doctrine and independently followed our reasoning in *Salwan II* because there were no pertinent differences between the representative claims in the '728 and '000 applications for the purposes of

evaluating eligibility. *Id.* at \*5–6. The Board also affirmed the rejection of the claims as obvious. *Id.* at \*6–10.

Mr. Salwan timely appealed from the Board's decision. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

DISCUSSION

We review the Board's conclusion that claims are directed to patent-ineligible subject matter de novo. *In re Rudy*, 956 F.3d 1379, 1383 (Fed. Cir. 2020). We determine eligibility using the two-step process set out in *Alice*. At the first step, we "determine whether the claims at issue are directed to a patent-ineligible concept," such as an abstract idea. *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 218 (2014). At the second step, "we must examine the elements of the claim to determine whether it contains an inventive concept sufficient to transform the claimed abstract idea into a patent-eligible application." *Id.* at 221 (cleaned up).

*Salwan II* addressed a nearly identical claim. The representative claim in *Salwan II* (1) contained a different preamble, "[a]n EMR computing system for exchanging patient health information among healthcare user groups or the healthcare user group and patients over a network, the system comprising," and (2) lacked the word "providing" before the limitation starting with "a central computer program . . . ." 825 F. App'x at 864. There are no other differences between claim 1 here and the representative claim in *Salwan II*.

We agree with the Board that our decision in this case should mirror our decision in *Salwan II*. In *Salwan II*, we determined at step one that the claim was "directed to communication of patient health information over a physician-patient network" and required "receipt and storage of patient health information data." *Id.* at 865–66. We determined this was directed to the abstract concept of "organizing human activity with respect to medical information." *Id.* at 866. The minimal differences between claim 1 here and the representative claim in *Salwan II* lead

us to the same conclusion. Claim 1 here is still directed to the abstract idea of receiving and storing patient information. For example, the fact that the preamble here recites that claim 1 is a method rather than a system does not change our analysis, since the method is directed to the same patent-ineligible concept as the system claim in *Salwan II*.

At step two, we determined that the additional claimed elements in *Salwan II* of a generic "network," "computer program," "central server," "device," and "server for processing and transferring" do not transform the abstract idea into a patent-eligible invention. *Id.* at 866. We reach the same conclusion here. Claim 1 takes the "well-known process related to organizing patient health, insurance, and billing information," *id.*, and simply directs an implementer to "apply it with a computer," *Alice*, 573 U.S. at 223. The recited method steps do not transform the abstract idea into patent-eligible subject matter.

Mr. Salwan does not separately argue that any of the remaining claims are eligible for different reasons than for claim 1. We therefore conclude the remaining claims are ineligible. *See Berkheimer v. HP Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018). Because we conclude that all pending claims are directed to patent-ineligible subject matter, we do not reach the merits of the Board's application of the law-of-the-case doctrine or the Board's obviousness rejections under 35 U.S.C. § 103.

## CONCLUSION

We have considered Mr. Salwan's remaining arguments and find them unpersuasive. For the foregoing reasons, the Board's decision is affirmed.

## AFFIRMED

## COSTS

No costs.